## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Jorge Garcia, | : |
| | : Civil Action No.: 1:18-cv-01384 |
| Plaintiff, | : |
| v. | : |
| | : **COMPLAINT** |
| MiraMed Revenue Group, LLC; and DOES 1- | : |
| 10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff, Jorge Garcia, by undersigned counsel, hereby files this First Amended Complaint and states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.      Plaintiff, Jorge Garcia ("Plaintiff"), is an adult individual residing in Monee, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant, MiraMed Revenue Group, LLC ("MiraMed"), is an Illinois business entity with an address of 360 East 22nd Street, Lombard, Illinois 60148, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      Does 1-10 (the "Collectors") are individual collectors employed by MiraMed and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

6.       MiraMed at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

7.       Plaintiff allegedly incurred a financial obligation (the "Debt") to original creditor (the "Creditor").

8.       The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.       The Debt was purchased, assigned or transferred to MiraMed for collection, or MiraMed was employed by the Creditor to collect the Debt.

10.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  MiraMed Engages in Harassment and Abusive Tactics**

11.      Within the last year, MiraMed contacted Plaintiff in an attempt to collect the Debt.

12.      On or about September 20, 2017, Plaintiff submitted a written request via MiraMed's website requesting that MiraMed cease all calls to Plaintiff's cellular telephone number.

13.      Plaintiff received confirmation that MiraMed received his cease request.

14.      In complete disregard of Plaintiff's written cease request, MiraMed continued to call Plaintiff on his cellular telephone number in an attempt to collect the Debt.

**C.  Plaintiff Suffered Actual Damages**

15.      Plaintiff has suffered and continues to suffer actual damages as a result of

Defendants' unlawful conduct.

16.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

17.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication.

19.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

21.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

22.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24.     Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's

favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 27, 2018

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 27, 2018, a true and correct copy of the foregoing was served electronically by the U.S. District Court Northern District of Illinois Electronic Document Filing System (ECF), which sent notice of such filing to:

Nabil G. Foster, Esq.
Lindsey Conley, Esq.
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
*Attorneys for Defendant*

By /s/ Sergei Lemberg
Sergei Lemberg, Esq.